107 F.3d 19
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Howard Lee VAUGHN, Jr., Plaintiff-Appellant,
v.
P.L. KERNAN; A.C. Newland; J.J. Silva; D.K. Sisto; D.
McKinney; R. Casillas; D.H. Fortin, Defendants-Appellees.
 No. 96-15021.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 5, 1997.*
Decided Feb. 07, 1997.
 
 Before: CANBY, HAWKINS, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner Howard Lee Vaughn, Jr. appeals pro se the district court's summary judgment for defendants in Vaughn's 42 U.S.C. § 1983 action alleging that defendants violated his equal protection rights in their administration of inmate job, housing, lockdown, and movie selection procedures. Vaughn also alleged that defendant Fortin retaliated against him for using the prison's grievances system. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Vaughn contends that the district court erred by granting defendants summary judgment on his equal protection and retaliation claims. This contention lacks merit.
 
 
 4
 Upon our independent obligation to consider jurisdictional questions sua sponte, see Duffy v. Riveland, 98 F.3d 447, 453 (9th Cir.1996), we conclude that Vaughn lacked standing to prosecute his equal protection claims because he only presented a generalized grievance regarding defendants' inmate job, housing, lockdown, and movie selection procedures, see Hickman v. Block, 81 F.3d 98, 103 (9th Cir.), cert. denied, 117 S.Ct. 276 (1996). Specifically, Vaughn failed to allege and demonstrate that he suffered actual injury from defendants' allegedly unconstitutional conduct. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-63 (1992); Hickman, 81 F.3d at 101. Accordingly, we affirm the district court's summary judgment for defendants on Vaughn's equal protection claims. See Hickman, 81 F.3d at 103.
 
 
 5
 Because Vaughn failed to demonstrate that Fortin engaged in a retaliatory act, we affirm the district court's judgment for defendant Fortin on Vaughn's retaliation claim. See Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir.1994) (per curiam).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3